Ryan Gile (CA Bar No. 192802)
rgile@weidemiller.com
**WEIDE & MILLER, LTD.**
Bank of Nevada Bldg., 5th Floor
7251 West Lake Mead Blvd., Ste. 530
Las Vegas, Nevada 89128
Telephone: (702) 382-4804
Facsimile: (702) 382-4805

*Attorneys for Plaintiff TOWN LOUNGE IP, LLC*

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOWN LOUNGE IP, LLC, a Nevada limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>CH PROJECTS, INC., a California corporation; LATE MORNINGS, INC., a California corporation,<br><br>Defendants. | Case No.: **'17CV1887 JAH  BLM**<br><br>**COMPLAINT FOR:**<br><br>**1. FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. §1114**<br>**2. FALSE DESIGNATION OF ORIGIN AND UNFAIR COMPETITION UNDER 15 U.S.C. §1125**<br>**3. UNFAIR COMPETITION - CAL. BUS. & PROF. CODE. §17200 AND COMMON LAW**<br>**4. CYBERSQUATTING UNDER 15 U.S.C. §1125(D)**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff TOWN LOUNGE IP, LLP, a Nevada limited liability company, for its causes of action against Defendants CH PROJECTS, INC., a California corporation, and LATE MORNINGS, INC., a California corporation ("Defendants"), alleges and states as follows:

## NATURE OF THE CASE

1. This is an action for registered trademark infringement and false designation of origin under the 15 U.S.C. §1114(1) and 15 U.S.C. §1125(a), for unfair competition under Cal. Bus. & Prof. Code. §17200 and the common law of the State of California, and for cybersquatting under 15 U.S.C. §1125(d).

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1                        1

## THE PARTIES

2. Plaintiff TOWN LOUNGE IP, LLC ("Plaintiff" or "Town Lounge") is a Nevada limited liability company with its principal place of business in Las Vegas, Nevada.

3. Upon information and belief, Defendant CH PROJECTS, INC. ("CH Projects") is a California corporation conducting business in San Diego, California.

4. Upon information and belief, Defendants LATE MORNINGS, INC. ("LMI") is a California corporation conducting business in San Diego, California.

5. The true names and capacities of the Defendants named herein as DOES 1 through 10 are other parties or entities who are not currently known to Plaintiff which are liable to Plaintiff for the damages complained of herein. Therefore, Plaintiff sues said Defendants, whether individuals, corporations, or another type of entity by these fictitious names. Plaintiff will seek leave of this court to amend its complaint to include the actual names of said Defendants when their identities are determined during the course of this litigation. Plaintiff incorporates by reference herein all paragraphs of this complaint against said unknown Defendants.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§1331 and 1338(a) and 15 U.S.C. §1121.

7. Upon information and belief, Defendant CH Projects is subject to this Court's specific and general personal jurisdiction due to its business activities in this Judicial District, regularly soliciting business in this Judicial District, and deriving substantial revenue from goods and services provided to individuals in this Judicial District.

8. Upon information and belief, Defendant LMI is subject to this Court's specific and general personal jurisdiction due to its business activities in this Judicial District, regularly soliciting business in this Judicial District, and deriving substantial revenue from goods and services provided to individuals in this Judicial District.

9. Venue is proper in this Judicial District pursuant to 28 U.S.C. §§1391(b) and 1391(c).

///

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1                                            2

# FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

## *Plaintiff's Born and Raised Trademarks*

10. Since at least as early as October 2010, Plaintiff (or its predecessors-in-interest) has used the service mark "BORN AND RAISED" in connection with the marketing, promoting, and operating of its award-winning restaurant, sports bar, and cocktail lounge (the "Plaintiff's Services").

11. Plaintiff holds the following U.S. Trademark Registrations for its "Born and Raise" service mark (the "BORN AND RAISED Marks") – all of which are presently in full force and effect:

- U.S. Trademark Registration No. 3,926,237 for the standard character word mark "Born and Raised" for "Restaurant, Bar and Tavern Services," which registered on March 1, 2011 and is still valid to the present day and presently incontestable;

- U.S. Trademark Registration No. 4,217,200 for the design mark "Born and Raised" for "Restaurant, Bar and Tavern Services," which registered on October 2, 2012 and is still valid to the present day.

- U.S. Trademark Registration No. 4,649,947 for the standard character word mark "Born and Raise" for "Bar and Cocktail Lounge Services," which registered on December 10, 2013 and is still valid to the present day;

- U.S. Trademark Registration No. 4,649,954 for the design mark "Born and Raised" for "Bar and Cocktail Lounge Services," which registered on December 2, 2014 and is still valid to the present day;

- U.S. Trademark Registration No. 5,066,628 for the standard character word mark "Born and Raised" "Clothing, namely, t-shirts, hats, sweatshirts, collared shirts, long sleeve shirts, bathing suits, and underwear, namely, boy shorts," which registered on October 25, 2016 and is still valid to the present day; and

True and correct copies of the above-referenced U.S. Trademark Certificates of Registration are attached hereto as Exhibit A.

/ / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1　　　　3

12. Plaintiff's BORN AND RAISED Marks are arbitrary and fanciful when used in connection with Plaintiff's Services, making them strong, highly distinctive trademarks.

13. Plaintiff currently has two restaurant and bar locations in the metropolitan Las Vegas area and one cocktail lounge location located in the Grand Bazaar Shops right on the world famous "Las Vegas Strip".

14. Visitors from across the United States (including many from the San Diego area) have patronized one or more of Plaintiff's restaurant/bar locations identified by the BORN AND RAISED Marks.

15. Plaintiff has also been engaging in efforts to expand Plaintiff's Services outside the Las Vegas area, including the San Diego area.

16. Plaintiff's Services and Plaintiff's BORN AND RAISED Marks have been the subject of numerous, unsolicited articles and reviews in both local and national media in the United States.

17. Since 2011, Plaintiff has spent significant time, effort and money to advertise, promote, and market the BORN AND RAISED Marks in connection with Plaintiff's Services.

18. Plaintiff markets Plaintiff's Services throughout the United States on Plaintiff's website www.bornandraisedlv.com, through Plaintiff's social media accounts on Twitter, Facebook, Google Plus, and Instagram, as well as through other widely known third party sites/applications such as Yelp, Grub Hub, BiteSquad, Trip.com, Tap Hunter, and Trip Advisor.

19. Plaintiff promotes the BORN AND RAISED Marks in connection with Plaintiff's Services through print and media advertising and event marketing seen by thousands of individuals locally and nationwide, including visitors to Las Vegas from all across the United States (including the San Diego area).

20. Plaintiff advertises Plaintiff's Services under the BORN AND RAISED Marks through various television and radio ads seen and heard by thousands of individuals locally and nationwide, including visitors to Las Vegas from all across the United States (including the San Diego area).

/ / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1        4

21. The nationwide prominence and recognition of Plaintiff's BORN AND RAISED Marks as an identifier for Plaintiff's Services is illustrated, *inter alia*, by the established top position of Plaintiff's website in organic search results for "BORN AND RAISED RESTAURANT" using prominent internet search engines.

22. By virtue of Plaintiff's extensive, continuous, and exclusive use of the BORN AND RAISED Marks in connection with Plaintiff's Services, Plaintiff's BORN AND RAISED Marks have come to be recognized and relied upon by consumers as uniquely identifying Plaintiff's Services and distinguishing Plaintiff's Services from similar services offered by others.

23. By virtue of Plaintiff's extensive, continuous, and exclusive use of the BORN AND RAISED Marks in connection with Plaintiff's Services, Plaintiff has developed substantial goodwill in the BORN AND RAISED Marks throughout the United States (including the geographic area of San Diego) and as a result, the BORN AND RAISED Marks have come to be associated exclusively with Plaintiff and the Plaintiff's Services.

### ***Defendants' Infringement of Plaintiff's Trademark Rights***

24. Upon information and belief, Defendants, long after Plaintiff's first use and/or registration of the BORN AND RAISED Marks, began using (and are still continuing to use to the present day) the service mark BORN & RAISED (the "Infringing Mark") in connection with the marketing, promoting, and operating of a restaurant located at 1909 India Street, San Diego, CA 92101 ("Defendants' Restaurant Services").

25. Upon information and belief, Defendants are promoting Defendants' Restaurant Services using the Infringing Mark online at Defendants' website (www.bornandraisedsteak.com), social media accounts on Instagram, and other widely known third party sites/applications such as Yelp. True and correct screenshots of Defendants' website and social media accounts are attached hereto as Exhibit B.

26. Defendants' Infringing Mark is identical in sight, sound, meaning, and commercial impression to the BORN AND RAISED Marks registered and used by Plaintiff, and thus likely to be confused with Plaintiff's Services marketed using the BORN AND RAISED Marks.

///

27. Defendants' Infringing Mark is being used in connection with identical restaurant services as Plaintiff's Services offered under the BORN AND RAISED Marks.

28. Defendants' Infringing Mark will be perceived as the same as Plaintiff's BORN AND RAISED Marks by consumers who are likely to believe that the source and origin of the Defendants' Restaurant Services emanate from or are sponsored by or affiliated with Plaintiff.

29. On or about February 10, 2016, counsel for Plaintiff sent a letter ("Notice Letter") to Defendant CH Projects after Plaintiff discovered media reports indicating that Defendant CH Projects was developing the restaurant that eventually became Defendants' BORN & RAISED restaurant. A true and correct copy of Plaintiff's Notice Letter is attached hereto as Exhibit C.

30. The Notice Letter noted that Defendant CH Projects appeared to be planning to use the Infringing Mark in connection with restaurant services, specifically a steakhouse restaurant scheduled to open at 1909 India St, San Diego, CA 92101.

31. The Notice Letter put Defendant CH Projects on notice regarding Plaintiff's trademark rights to the BORN AND RAISED Marks so that the company could reevaluate and reconsider whether to move forward with using the Infringing Mark in connection with its planned restaurant in light of Plaintiff's federally registered trademark rights to the BORN AND RAISED Marks.

32. On February 19, 2016, counsel for Defendants acknowledged in a response letter (the "Response Letter") that Defendants had received the Notice Letter and specifically identified Defendant LMI as the company that was opening the planned BORN & RAISED restaurant in San Diego despite ongoing media reports indicating that Defendant CH Projects is the company developing the planned restaurant. A true and correct copy of Defendants' Response Letter responding to the Notice Letter is attached hereto as Exhibit D.

33. In the Response Letter, Defendants asserted the position that their proposed use of the name BORN & RAISED for the planned restaurant would not likely create consumer confusion or in any other way infringe upon Plaintiff's trademark rights to the BORN AND RAISED Marks.

///

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1　　　　6

34. Upon information and belief, Defendants began using and have continued to use the Infringing Mark in connection with Defendants' Restaurant Services despite having both constructive notice and actual notice of Plaintiff's rights to the BORN AND RAISED Marks in connection with Plaintiff's Services.

35. Indeed, upon information and belief, Defendants first began actually providing Defendants' Restaurant Services using the Infringing Mark on or about September 13, 2017, and thus had actual notice of Plaintiff's rights to the BORN AND RAISED Marks in connection with Plaintiff's Services for at least 19 months while Defendants worked to build and open their restaurant.

36. Despite Defendants' clear notice of Plaintiff's trademark rights to the BORN AND RAISED Marks and the 19-month opportunity to choose a different restaurant name prior to opening, Defendants nonetheless intentionally and willfully chose to proceed with using a name for its restaurant that it knew was identical to and in direct contravention with Plaintiff's federally registered trademark rights to the BORN AND RAISED Marks.

37. Upon information and belief, Defendants' use of the Infringing Mark to market and promote the Defendants' Restaurant Services has been done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's prior established nationwide trademark rights to the BORN AND RAISED Marks with respect to Plaintiff's Services.

38. Unless enjoined by this Court, Defendants' continued use of the Infringing Mark in connection with Defendants' Restaurant Services is likely to cause consumers to be confused, mistaken, or deceived as to the affiliation, connection or association of Defendants' Restaurant Services with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Restaurant Services by Plaintiff.

**FIRST CLAIM FOR RELIEF**

**(Federal Trademark Infringement under 15 U.S.C. §1114)**

39. Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1                    7

40. This is a claim for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. §1114.

41. Defendants' Infringing Mark is a colorable imitation of Plaintiff's federally registered BORN AND RAISED Marks and Defendants' use of the Infringing Mark in connection with the advertising and promotion of Defendants' Restaurant Services are without permission, authority or consent of the Plaintiff and said use is likely to cause confusion, to cause mistake and/or to deceive, including reverse confusion.

42. Defendants' use of the Infringing Mark in connection with the advertising and promotion of the Defendants' Restaurant Services have been made willfully and deliberately notwithstanding Plaintiff's well-known and prior established nationwide rights in its federally registered BORN AND RAISED Marks and with both actual and constructive notice of Plaintiff's federal registration rights under 15 U.S.C. §1072.

43. Defendants' infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to Plaintiff's business, reputation and goodwill in its federally registered BORN AND RAISED Marks for which Plaintiff has no adequate remedy at law.

44. Defendants' initial willful, deliberate, and bad faith use of the Infringing Mark and its continued and ongoing willful and deliberate infringement of Plaintiff's federally registered BORN AND RAISED Marks makes this case exceptional under 15 U.S.C. §1117(a), thereby entitling Plaintiff to an award of its reasonable attorneys' fees associated with bringing this action.

## SECOND CLAIM FOR RELIEF

**(False Designation of Origin and Unfair Competition under 15 U.S.C. §1125(a))**

45. Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

46. This is a claim for false designation of origin and unfair competition under Section 43(a) of the Lanham Act, 15 U.S.C. §1125(a).

/ / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1                    8

47. Defendants' use of the Infringing Mark constitutes a false designation of origin, a false or misleading description and representation of fact which is likely to cause confusion, including reverse confusion, and to cause mistake, and to deceive as to the affiliation, connection or association of Defendants with Plaintiff and as to the origin, sponsorship, or approval of Defendants' Restaurant Services and commercial activities by Plaintiff.

48. Upon information and belief, Defendants' selection and use of a mark that is confusingly similar to Plaintiff's BORN AND RAISED Marks in connection with Defendants' Restaurant Services was done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's well-known and prior established rights in the BORN AND RAISED Marks.

49. As a direct and proximate result of Defendants' false designation of origin and unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in Plaintiff's BORN AND RAISED Marks for which Plaintiff has no adequate remedy at law.

50. Defendants' initial willful, deliberate, and bad faith use of the Infringing Mark and its continued and ongoing willful and deliberate infringement of Plaintiff's trademark rights to the BORN AND RAISED Marks makes this case exceptional under 15 U.S.C. §1117(a), thereby entitling Plaintiff to an award of its reasonable attorneys' fees associated with bringing this action.

**THIRD CLAIM FOR RELIEF**

**(Unfair Competition - Cal. Bus. & Prof. Code. §17200 and Common Law)**

51. Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

52. Cal. Bus. & Prof. Code § 17200, et seq., states that unfair competition shall mean and include any "unlawful, unfair or fraudulent business act or practice."

53. By virtue of the acts complained of herein, Defendants have engaged in actions which constitute unlawful business acts and/or practices under Cal. Bus. & Prof. Code § 17200,

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1                                9

et seq. and the common law of the State of California.

54. Defendants' conduct constitutes unfair business acts and/or practices because Defendants have unfairly used and infringed Plaintiff's trademarks while engaging in a business practice.

55. Defendants' conduct constitutes fraudulent business acts and practices because Defendants have deceptively and unfairly marketed, advertised, and/or sold services under trademarks that that are confusingly similar to Plaintiff's trademarks.

56. As a direct consequence of Defendants' unfair competition, Plaintiff has been damaged in an amount to be determined at trial.

57. Defendants' wrongful conduct was done willfully, intentionally, and deliberately with full knowledge and willful disregard of Plaintiff's trademark rights in the BORN AND RAISED Marks.

58. As a direct and proximate result of Defendants' unfair competition, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in Plaintiff's BORN AND RAISED Marks for which Plaintiff has no adequate remedy at law.

59. Plaintiff has been required to retain the services of a law firm to prosecute this action and is entitled to its reasonable costs and attorneys' fees for the necessity of bringing this action.

60. Based on the intentional, willful and bad faith nature of Defendants' conduct, Plaintiff is entitled to recover an award of exemplary or punitive damages in an amount to be proven at trial which is appropriate to punish or set an example of Defendants and to deter such conduct in the future.

## FOURTH CLAIM FOR RELIEF

**(Cybersquatting under 15 U.S.C. §1125(d))**

61. Plaintiff hereby realleges and incorporates by reference the allegations of each of the paragraphs of this Complaint as if fully set forth herein.

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1        10

62. Upon information and belief, on or about September 2014, Defendants, well after Plaintiff's first use of the BORN AND RAISED Marks in connection with the Plaintiff's Services, registered and began using the internet domain names www.bornandraisedsteak.com (the "Infringing Domain Name") in connection with promoting Defendants' Restaurant Services.

63. The Infringing Domain Name resolves to a website that promotes Defendants' Restaurant Services. A true and correct screenshot of the Infringing Domain Name is attached hereto as Exhibit B.

64. The Infringing Domain Name incorporates the distinctive portion of the BORN AND RAISED Marks along with the generic word "steak" and is nearly identical to Plaintiff's own domain name for its restaurants (www.bornandraisedlv.com).

65. By registering and/or using the Infringing Domain Name containing the BORN AND RAISED Mark, Defendants were and are attempting to trade on the goodwill of Plaintiff.

66. By registering and/or using a domain name containing the BORN AND RAISED Mark, Defendants were and are attempting to create an association between the Infringing Domain Name and the BORN AND RAISED Marks.

67. Plaintiff's BORN AND RAISED Marks were distinctive at the time Defendants registered the Infringing Domain Name.

68. Upon information and belief, Defendants registered the Infringing Domain Name with a bad faith intent to profit from the BORN AND RAISED Marks by directing the Infringing Domain Name associated with the BORN AND RAISED Marks to Defendants' website which promotes restaurant services which compete with Plaintiff's Services in a manner that could harm the goodwill represented by the BORN AND RAISED Marks.

69. Upon information and belief, at the time of registration, Defendants had no trademark or other intellectual property rights in the Infringing Domain Name.

70. Upon information and belief, at the time of registration, Defendants had no prior use of the Infringing Domain Name in connection with the bona fide offering of any goods or services.

/ / /

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1    11

71.     As a direct and proximate result of Defendants' cybersquatting, Plaintiff has suffered, and unless enjoined by this Court will continue to suffer, monetary loss and irreparable injury and other damage to Plaintiff's business, reputation and goodwill in Plaintiff's BORN AND RAISED Marks for which Plaintiff has no adequate remedy at law.

72.     As a direct and proximate result of Defendants' cybersquatting, Plaintiff has been forced to retain counsel to prosecute this claim and is entitled to recover its attorneys' fees and costs incurred herein.

73.     As a result of Defendants' willful and intentional cybersquatting, Plaintiff is entitled to statutory damages of $100,000 per domain name pursuant to 15 U.S.C. §1117(d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

A.     That the Court enter judgment in favor of the Plaintiff and against the Defendants on all claims for relief alleged herein;

B.     That a preliminary and permanent injunction issue pursuant to Section 34 of the Lanham Act (15 U.S.C. §1116) enjoining and restraining the Defendants and their respective owners, parent companies, subsidiary companies, related companies, successors, assigns, officers, directors, agents, employees and attorneys, and all persons or entities in active concert, participation, or privity with any of them, from using, on or in connection with the manufacture, sale, importation, exportation, purchase, order, offer for sale, distribution, transmission, advertisement, display and promotion of any products or services, the BORN AND RAISED Marks or any other marks that are confusingly similar to the BORN AND RAISED Marks, including but not limited to the Infringing Mark in connection with Defendants' Restaurant Services as well as any other related goods and services;

C.     That Defendants be directed to file with this Court and serve on Plaintiff within thirty (30) days after the service of the injunction, a report, in writing, under oath, setting forth in detail the manner and form in which Defendants have complied with the injunction pursuant to 15 U.S.C. §1116;

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1                              12

1        D.     That Defendants be required to account to Plaintiff for any and all profits derived by Defendants and all damages sustained by Plaintiff by virtue of the actions of the Defendants complained of herein;

       E.     That Defendants be ordered to pay over to Plaintiff any and all profits derived by Defendants and all damages which Plaintiff has sustained as a consequence of the actions of the Defendants complained of herein pursuant to 15 U.S.C. §1117, subject to proof at trial;

       F.     That the current domain name registrar and/or registry for the Infringing Domain Name be ordered to transfer the Infringing Domain Name to Plaintiff;

       G.     That Defendants be ordered to pay over to Plaintiff statutory damages of $100,000 per domain name pursuant to 15 U.S.C. §1117(d);

       H.     That the damages resulting from the actions of the Defendants complained of herein be trebled pursuant to 15 U.S.C. §1117 and awarded to Plaintiff;

       I.     That an award of interest, costs, and attorneys' fees incurred by Plaintiff in prosecuting this action be awarded to Plaintiff; and

       J.     That Plaintiff be awarded all other legal and equitable relief to which Plaintiff is entitled and such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues raised in the Complaint which are triable by a jury.

Dated: September 14, 2017

**WEIDE & MILLER, LTD.**

By: */s/ Ryan Gile*
     Ryan Gile, Esq.
     Attorney for Plaintiff
     Town Lounge IP, LLC

WEIDE & MILLER, LTD.
7251 W. LAKE MEAD BLVD.,
SUITE 530
LAS VEGAS,
NEVADA 89128
(702) 382-4804

RRG-w-4331r1     13